

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT L. DRAKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:98-CV-1673-D |
| VS. | § | (Consolidated with |
| | § | Civil Action Nos. 3:98-CV-1674-D |
| 136th AIRLIFT WING, TEXAS AIR | § | and 3:98-CV-1675-D) |
| NATIONAL GUARD, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In these consolidated actions alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and violations of the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a, defendants Texas Air National Guard ("TXANG"), Brigadier General Daniel James III ("Brig. Gen. James"), Lieutenant Colonel Juste Sanchez ("Lt. Col. Sanchez"), Major John P. Honea ("Maj. Honea"), Captain Amy Asher ("Capt. Asher"), Captain Keith Townsend ("Capt. Townsend"), Sergeant Joseph Hooton ("Sgt. Hooton"), Sergeant Juanita Nokeley ("Sgt. Nokeley"), and Sergeant Gregory Prickett ("Sgt. Prickett") move to dismiss. For the reasons that follow, the court grants the motions.

I

Plaintiff Robert L. Drake ("Sgt. Drake") is a sergeant in the Texas Air National Guard. He alleges that he was denied promotions—including the position of support services coordinator—because of his African-American race. Proceeding *pro se*, Sgt. Drake maintains that after he filed an internal complaint of racial discrimination with TXANG, military personnel retaliated

against him and circulated a list that contained the names of the individuals who had witnessed the discrimination against him. Sgt. Drake then filed three lawsuits, all of which have been consolidated. Defendants move to dismiss.

II

The court initially considers Sgt. Drake's Title VII claims against TXANG, Brig. Gen. James, Maj. Honea, Capt. Townsend, Sgt. Hooton, Sgt. Nokeley, and Sgt. Prickett.

Enlisted military personnel cannot recover damages for violations of their constitutional right to equal protection of the law as a result of race discrimination. *Holdiness v. Stroud*, 808 F.2d 417, 423 (5th Cir. 1987) (citing *Chappell v. Wallace*, 462 U.S. 296, 305 (1983)). This principle stems from the nature of the national guard. Sgt. Drake is an enlisted man in the TXANG. As a branch of the national guard, TXANG is an integral part of the country's military structure. *Id.* at 421. The Constitution grants Congress the power to provide for organizing and disciplining the nation's military branch. *See* U.S. Const. Art. 1, § 8, cl. 16; *see also Holdiness*, 808 F.2d at 420. Due to the unique nature of the military, courts may not sit in plenary review over intraservice military disputes. *See Crawford v. Texas Army Nat'l Guard*, 794 F.2d 1034, 1035 (5th Cir. 1986); *see also Holdiness*, 808 F.2d at 423 (stating that such review would be too disruptive to military service). Sgt. Drake's complaint does not state a claim on which relief can be granted under Title VII. *See Holdiness*, 808 F.2d at 423.

The court dismisses Sgt. Drake's Title VII claims against the moving defendants.

III

The court next considers Sgt. Drake's Privacy Act claim against TXANG, Brig. Gen. James, Lt. Col. Sanchez, Capt. Asher, and Capt. Townsend.

The Privacy Act forbids an agency from disclosing any record to another person except pursuant to a written request by, or with prior written consent of, the individual to whom the record pertains. 5 U.S.C. § 552a(b). A "record" is any item, collection, or grouping of information about an individual that is maintained by an agency, including the person's education, financial transactions, medical history, and criminal or employment history and that contains an identifying particular assigned to that person. *Id.* § 552a(a)(4). Sgt. Drake alleges that a list that contained the names of the persons who witnessed discrimination against him was circulated in his unit, compromising the witnesses' anonymity and subjecting them to intimidation.

Assuming *arguendo* that this court is authorized to inject itself into an intraservice matter under the guise of the Privacy Act, Sgt. Drake's list is not a Privacy Act "record." It is merely a list that contains the names of witnesses, and does not include personal information regarding any particular individual. Sgt. Drake has therefore failed to state a cognizable claim under the Privacy Act.

Moreover, even if Sgt. Drake had stated a viable Privacy Act claim, he could maintain it only against an agency and not against TXANG personnel as individuals. *See Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1215 (5th Cir. 1989); *see also* 5 U.S.C. § 552a(g)(1) (allowing individual to file claim against only an agency).

Accordingly, the court dismisses Sgt. Drake's Privacy Act claim against the moving defendants.

**SO ORDERED**.

October __21__, 1998.

                                    SIDNEY A. FITZWATER
                                    UNITED STATES DISTRICT JUDGE